Margaret A. Gatewood General Counsel Kansas Department of Insurance 420 S.W. 9th Street Topeka, Kansas 66612
Dear Ms. Gatewood:
As General Counsel for the Kansas Department of Insurance you inquire whether the provisions of the Kansas Tort Claims Act, K.S.A. 75-6101 et seq., provide liability protection to the members of the Board of Directors of the Kansas Health Insurance Association organized pursuant to K.S.A. 1996 Supp. 40-2119, as amended by L. 1997, Ch. 190, § 8.
The Tort Claims Act generally imposes liability on governmental entities for the negligent or wrongful acts or omissions of employees of those entities when acting within the scope of their employment. K.S.A. 1996 Supp. 75-6104, as amended by L. 1997, Ch. 156, § 92. At issue is whether the Kansas Health Insurance Association (hereinafter Insurance Association) is a governmental entity of the state and whether the members of the Board of Directors of the Insurance Association are employees as defined by the Tort Claims Act.
 "(a) `State' means the state of Kansas and any department or branch of state government, or any agency, authority, institution or other instrumentality thereof.
"(c) `Governmental entity' means state or municipality.
 "(d) `Employee' means any officer, employee, servant or member of a board, commission, committee, division, department, branch or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation and a charitable health care provider. Employee includes any steward or racing judge appointed pursuant to K.S.A. 74-8818, and amendments thereto, regardless of whether the services of such steward or racing judge are rendered pursuant to contract as an independent contractor, but does not otherwise include any independent contractor under contract with a governmental entity except. . . ." K.S.A. 1996 Supp. 75-6102, as amended by L. 1997, Ch. 156, § 91.
The members of the Board of Directors exercise the powers of the Insurance Association and thus come within the definition of employee if acting on behalf or in the service of a governmental entity. We now turn to a description of the Insurance Association's organization, duties, and powers in order to determine whether it is a governmental entity.
The Kansas Health Insurance Association is a nonprofit legal entity comprised of all insurers and insurance arrangements providing health care benefits in this state. It was organized for the purpose of creating and implementing the Uninsurable Health Insurance Plan Act, K.S.A. 40-2117. The members of the Board of Directors are selected by members of the Insurance Association subject to the approval of the Commissioner of Insurance and are reimbursed for expenses but not otherwise compensated for their services. K.S.A. 1996 Supp. 40-2119
(a), as amended by L. 1997, Ch. 190, § 8. The Board of Directors exercises the power of the Insurance Association to create a "plan of operation" (subject to the Commissioner of Insurance's approval) for the sharing of losses on an equitable proportionate basis among the members of the Insurance Association when they provide health insurance claim coverage to those who qualify in a high risk pool as defined by K.S.A. 1996 Supp. 40-2122, as amended by L. 1997, Ch. 190, § 10. Assessments made against a member of the Insurance Association may be claimed as a credit against such member's premium or privilege tax liability imposed by K.S.A. 12-2624, 40-252, as amended by L. 1997, Ch. 175, § 3 or 40-3213 for the taxable year. K.S.A. 1996 Supp.40-2121 as amended by L. 1997, Ch. 190, § 9(c). The plan is administered by an insurer or a third party administrator (administering carrier) selected by the Board of Directors. K.S.A. 40-2120.
In Attorney General Opinion No. 95-115 we explained a three part test (created from case law and former attorney general opinions) to determine whether an entity which has no sovereign powers and has not been legislatively granted governmental status is nevertheless a governmental entity for purposes of the Tort Claims Act. The three-part test requires that an entity (1) be created by legislation; (2) perform a governmental function or be created for a governmental purpose; and (3) exercise its powers under the significant control of the state or municipality involved.
The Insurance Association is an entity created by statute, K.S.A. 1996 Supp. 40-2119, as amended by L. 1997, Ch. 190, § 8, thus meeting the first requirement. The Insurance Association serves a governmental function if the activity in question is carried out for the use and benefit of the general public. Griggs v. City ofGoddard, 233 Kan. 913, 917, citing Shoemaker v. City ofParsons, 154 Kan. 387, 391 (1941). The Insurance Association provides insurance coverage to those who qualify as uninsurable. See Health Insurance Portability and Accountability Act of 1996, Pub.L. No.104-191 (health insurance pool is an acceptable alternative mechanism for providing access to health benefits for individuals in states);42 U.S.C.A. §§ 300gg-61 to 300gg-63. Because health care providers are paid by this mechanism, medical care costs and insurance rates remain lower given that insurance rates are predicated on the costs of medical care. See generally, 1996 U.S. Code Cong. Ad. News 1865. The mechanism for insurance coverage established by the uninsurable health insurance plan thus is carried out for the use and benefit of the general public thereby meeting the second requirement of the three-part test. The Insurance Association exercises its power (to create and implement a plan to provide insurance coverage) under the significant control of the Commissioner of Insurance and thus satisfies the third requirement of the test. The Insurance Association thus meets the three part test and is a governmental entity for purposes of the Tort Claims Act.
In conclusion it is our opinion that the members of the Board of Directors of the Kansas Health Insurance Association are covered by the Kansas Tort Claims Act which provides protection from liability for acts within the scope of their authority.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm